UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSEPH HEWITT et al                                         CIVIL ACTION

versus                                                      NO. 06-8721

LEXINGTON INSURANCE COMPANY                                 SECTION: E/4
et al

## ORDER AND REASONS

Plaintiffs Joseph and Michelle Hewitt ("the Hewitts") motion to remand to the 25th Judicial District Court for the Parish of Plaquemines is before the Court.  Record document #4.  Defendant Lexington Insurance Company ("Lexington") opposes the motion. After considering the motion, memoranda, the record and the law, the motion to remand is GRANTED.

## FACTS AND PROCEDURAL BACKGROUND

The Hewitts own a home in the town of Buras, in Plaquemines Parish, Louisiana.[1]  During 2005, they were insured by a homeowner's insurance policy[2] issued by Lexington, a foreign insurer doing business in Louisiana, purchased through defendant Alpha Insurance L.L.C. ("Alpha"), an agent of Lexington.  Alpha is a Louisiana corporation.  The Hewitts' home sustained significant damages as a result of Hurricane Katrina.  According to their Petition, Lexington has paid only and "insignificant

---

[1] See, generally, Petition for Breach of Contract and Damages.

[2] It appears from the Hewitts' Petition and memorandum in support of the motion to remand that their property was also covered by a policy of flood insurance from the NFIP, recommended by Alpha, which paid the limits of the coverage, but was insufficient to cover all damage to the home and contents.

portion" of the policy coverage pursuant to the claim on the homeowner's policy. They filed suit in state court against defendants; Lexington removed the suit to federal court alleging diversity jurisdiction. Lexington argues that Alpha[3] is improperly joined in an attempt to defeat diversity jurisdiction, and that the jurisdictional amount of $75,000.00 is met[4]. Lexington also argues that the Hewitts' claims against Alpha are perempted pursuant to La.R.S. 9:5606.

## ANALYSIS

A civil action filed in a state court may generally be removed if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Statutes conferring removal jurisdiction are strictly construed in favor of remand. Shamrock Oil & Gas Corp. v. Sheets, 61 S.Ct. 868 (1941); Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). Jurisdiction is fixed at the time of removal, and the jurisdictional facts supporting removal are examined as of the time of removal. Gebbia v. Walmart Stores, Inc., 223 F.3d 880,

---

[3] The nondiverse defendants are Alpha, and three Lexington adjusters: David Hendricks, Greg Carlile and Mary Mackenzie. There is no evidence that any of the nondiverse defendants have been served. However, the lack of service of nondiverse named defendants does not, in and of itself, make an action removable. Pullman Co. V. Jenkins, 59 S.Ct. 347, 350 (1939). The removing party must show that the nonserved nondiverse parties are improperly joined. Alphonse v. Omni Hotel Management Corp., 757 F.Supp. 722, 742 (E.D.La. 2/27/1991); Doe v. Armour Pharceutical Co., 837 F.Supp. 178, 186 n.19 (E.D.La. 9/21/1993).

[4] The Hewitts do not dispute the assertion that the claim is for more than $75,000.00.

883 (5th Cir. 2000).  The burden is on the removing party to show that federal jurisdiction exists and that removal was proper.  De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995).  Doubts or ambiguities regarding removal are to be construed against removal and in favor of remand.  Manguno, 276 F.3d at 723.  When removal is based on diversity jurisdiction, as here, Louisiana law applies to the substantive issues.  Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).  Improper joinder must be proved by the removing party "with particularity and supported by clear and convincing evidence."  Doe v. Cutter Biological, 774 F.supp. 1001, 1003 (E.D.La. 1991)(quoting 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, § 3723, at 343 (2 ed. 1985)).

   This Court has numerous motions to remand pending in cases similar to this one, most of which present the same legal issues.  The legal standards for improper joinder, and for Louisiana law regarding the duties of an insurance agent to the insured, have repeatedly been set forth in similar cases pending in the Eastern District in recent months.  *See, e.g.,* Dobson v. Allstate Insurance Co., 2006 WL 2078423, *4 (E.D.La.); Fidelity Homestead Association v. Hanover Insurance Co., – F.Supp.2d –, 2006 WL 2873562 (E.D.La.); Southern Athletic Club, LLC v. Hanover Insurance Company, 2006 WL 2583406 *3 (E.D.La.); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co., 2006 WL 2925448

(E.D.La.); <u>Tomlinson v. St. Paul Fire & Marine Ins. Co.</u>, 2006 WL 2632105 (E.D.La.); <u>Bohannan v. Allstate Insurance Company</u>, 06-7550 (E.D.La. December 2006).

Lexington argues that Hewitt's allegations do not state a cause of action against Alpha under Louisiana law. Other than the state court pleadings, the only evidence offered by either party in support of the arguments is a copy of Part I and Part II of the policy issued to the Hewitts in July, 2005, produced by Lexington. In admittedly general terms, the Hewitts Petition alleges that they sought professional advise from Alpha regarding procuring insurance protection for their home and contents from hurricane damage, and that at each renewal period, including July, 2005, they relied on Alpha to advise them, and to procure adequate and correct insurance coverage in amounts sufficient to protect them from all hurricane damages, and that Alpha represented to them that the coverage recommended was adequate. At a minimum, resolving ambiguities and disputed allegations in favor of the nonremoving party, these allegations state a claim against Alpha under Louisiana law.[2]  *See, e.g.,* <u>Landry v. State Farm Fire & Casualty Co.</u>, 428 F.Supp.2d 531, 536-37 (E.D.La. 4/25/2006).

---

[2] Because the Hewitts' claims against Alpha destroy complete diversity, it is unnecessary for the Court to address the parties arguments regarding the claims against the adjusters.

Moreover, from the allegations in the complaint and the evidence before it, the Court cannot determine whether the Hewitts' claims against Alpha are perempted pursuant to La.R.S. 9:5606(A). These factual disputes must be resolved in favor of remand. Lexington has not met its burden of proving by clear and convincing evidence that removal was proper.

Accordingly,

**IT IS ORDERED** that the Hewitts' motion to remand is **GRANTED**, and the captioned matter, C.A. 06-8721, is hereby **REMANDED** to the 25th Judicial District Court for the Parish of Plaquemines for lack of subject matter jurisdiction.

New Orleans, Louisiana, January 17, 2007.

**MARCEL LIVAUDAIS, JR.**
Senior United States District Judge